RED STAR TOWING & TRANSPORTATION CO. v. SNARE & TRIEST CO.

(Circuit Court of Appeals, Second Circuit. January 29, 1912.)

No. 138.

NAVIGABLE WATERS (§ 19*)—OBSTRUCTION—LIABILITY FOR INJURY TO VESSEL.
    Authority to store piles required in the construction of a bridge at the
    side of the stream to be bridged between high and low watermark is not
    authority to allow them to remain there submerged at high water without
    any buoy or other mark, and a contractor so doing is chargeable with neg-
    ligence, and liable for an injury to a vessel which runs upon them, where
    the master had no knowledge that they were there.
        [Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 59–63,
    68–72; Dec. Dig. § 19.*]

Appeal from the District Court of the United States for the South-
ern District of New York.

Suit in admiralty by the Red Star Towing & Transportation Com-
pany against the Snare & Triest Company. Decree for libelant, and
respondent appeals. Affirmed.

Appeal from a final decree awarding damages to the libelant for injuries
sustained on December 11, 1905, by its steam tug C. F. Roe in collision with
a bunch of submerged piles belonging to the respondent in the waters of
Flushing creek, Long Island.

In 1903 the United States government approved the location of a new bridge
across Flushing creek and authorized 'the city of New York to construct the
same. Thereafter the city of New York entered into a contract with the re-
spondent for the building of such bridge and, in prosecution of the work, the
respondent stored piles on the flats on the westerly side of the creek a short
distance from the bridge location; that being the only available place. Most,
if not all, of the piles were submerged at high water but they were visible at
low water.

The steam tug C. F. Roe in navigating said creek attempted to turn in the
vicinity of the submerged piles and ran upon them, receiving the injuries
complained of.

The only question presented upon this appeal is the correctness of the in-
terlocutory decree holding respondent liable.

Other material facts are stated in the opinion.

Hitchings & Dow (H. M. Hitchings, of counsel), for appellant.
James J. Macklin (De Lagnel Berier, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). We may
assume at the outset that the grant of authority to obstruct per-
manently the navigation of the stream by the building of the bridge
was broad enough to permit its temporary obstruction by the storage
of necessary materials. We may take it for granted that the re-
spondent is right in contending that it was authorized to place the
piles at the location in question.

But authority to obstruct a navigable stream by building the abut-
ments of a bridge which can be seen and avoided, is not authority to
leave such abutments when unfinished and below the surface of the
water without any mark or warning. Authority to obstruct navigable

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

waters by building a breakwater is not authority to leave the new construction without a light. Harrison v. Hughes, 125 Fed. 860, 60 C. C. A. 442. Authority to store piles at the side of a creek or river is not authority to allow them to remain submerged at high water without any buoy or other mark. In other words, it does not follow from the fact that the respondent was authorized to place the piles where it did that it owed no obligation with respect to them. On the contrary, it was bound to so mark them that vessels navigating the creek would not run upon them without warning; and, in our opinion, this duty was not affected in the slightest degree by the fact that the piles were placed between high and low watermark. They constituted an obstruction to vessels navigating the creek at high water and such vessels were entitled to protection.

In our opinion also the respondent failed in the performance of its duty to mark the piles. No buoys were placed over them and we are not satisfied that there was anything at high tide to indicate their presence. If there were any floating piles, they were insufficient to serve as a warning. They would not show that others were hidden and, in themselves, were not especially dangerous. The respondent was guilty of negligence.

With respect to the claim of negligence on the part of the vessel: There is no proof that the master of the tug had any actual knowledge of the submerged piles, and we do not think that he was charged with notice of them. He testified that he had navigated at that place only at high water. He was hardly bound to know of a temporary obstruction of this nature.

The decree of the District Court is affirmed with interest and costs.